UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRAVIS GREVIOUS (#393488)

VERSUS                                                    CIVIL ACTION

N. BURL CAIN, ET AL                                       NUMBER 10-262-JVP-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 28, 2010.

                                          STEPHEN C. RIEDLINGER
                                          UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRAVIS GREVIOUS (#393488)

VERSUS                                          CIVIL ACTION

N. BURL CAIN, ET AL                             NUMBER 10-262-JVP-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the petition of Travis Grevious for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons which follow, the petition should be dismissed as untimely.

**Procedural History**

Petitioner was found guilty of one count conspiracy to commit armed robbery (Count 1), four counts armed robbery (Counts 4, 10, 11 and 12), one count of theft of a firearm (Count 5), and one count of second degree murder (Count 9), in the Nineteenth Judicial District Court for the Parish of East Baton Rouge on March 25, 2003. Petitioner was sentenced on June 26, 2003.

Petitioner's convictions and sentences were affirmed on appeal. *State of Louisiana v. Travis Grevious*, 2003-2263 (La. App. 1st Cir. 5/14/04); 874 So.2d 433 (Table).  Petitioner sought supervisory review by the Louisiana Supreme Court.  The Louisiana Supreme Court denied review.  *State ex rel. Travis Grevious v. State of Louisiana*, 2004-2441 (La. 6/17/05); 904 So.2d 688.

1

Petitioner signed his first application for post-conviction relief (PCRA) on May 24, 2006, and it was filed on June 6, 2006. On November 30, 2006, the trial court denied relief. Petitioner did not seek review by the appellate courts.

Petitioner signed his second PCRA on June 19, 2007, and it was filed on June 25, 2007. On September 30, 2008, the trial court denied relief. On November 3, 2008, the petitioner sought review by the Louisiana First Circuit Court of Appeal. The Louisiana First Circuit Court of Appeal denied review on the ground that the application for a supervisory writ was procedurally barred pursuant to La.C.Cr.P. art. 930.8. *State of Louisiana v. Travis Grevious*, 2008-2339 (La. App. 1st Cir. 2/26/09). On April 30, 2009, the petitioner sought review from the Louisiana Supreme Court. On March 12, 2010, the Louisiana Supreme Court denied review specifically relying on La.C.Cr.P. art. 930.8. *State of Louisiana ex rel. Travis Grevious v. State of Louisiana*, 2009-1200 (La. 39/12/10); 28 So.3d 1022.

Petitioner signed his federal habeas corpus application on April 7, 2010, and it was filed on April 19, 2010.

No evidentiary hearing is required. Petitioner's federal habeas corpus application is untimely.

### Applicable Law

Under § 2244(d) a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an

application for a writ of habeas corpus.  The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection.  A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998).  A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level.  *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

### Analysis

Petitioner's convictions and sentences became final on September 15, 2005.[1]  From the date the petitioner's conviction

---

[1] For the purpose of § 2244(d)(1)(A), a state conviction becomes final upon the conclusion of direct review or the expiration of the time for seeking such review. Finality is established by the expiration of the 90-day period to seek a petition for writ of certiorari to the Supreme Court.  *Roberts v.*
(continued...)

3

became final on September 15, 2005, until May 24, 2006, the date the petitioner signed his first PCRA, 250 days of the limitations period elapsed.  The limitations period remained tolled until November 30, 2006, the date the trial court denied the petitioner's first PCRA.

From November 30, 2006, the date the trial court denied review on the petitioner's first PCRA, until June 19, 2007, the date the petitioner filed his second PCRA, 200 days of the limitations period elapsed.  From June 19, 2007, the date the petitioner filed his second PCRA until March 12, 2010, the date the Louisiana Supreme Court denied review, the limitations period remained tolled.  From March 12, 2010, the date the Louisiana Supreme Court denied review of the petitioner's second PCRA, until April 7, 2010, the date the petitioner signed his federal habeas corpus application, 25 days of the limitations period elapsed.

By the time petitioner filed his federal habeas corpus application on April 7, 2010, more than one year of the limitations period (475 days) elapsed.  Petitioner's federal habeas corpus application was not timely filed.[2]

---

[1](...continued)
*Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998).

[2] For equitable tolling to apply, the applicant must diligently pursue his § 2254 relief.  *Coleman v. Johnson*, 184 F.3D 398 (5th Cir. 1999).  A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling.  *Fisher v.*
(continued...)

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, May 28, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2](...continued)
*Johnson*, 174 F.3d 710 (5th Cir. 1999).